# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

KENNETH MORRIS, )
)
    Plaintiff, )
)
v. ) No. 3:25-CV-05032-DGK-SSA
)
FRANK BISIGNANO, )
Commissioner of Social Security, )
)
    Defendant. )

## <u>ORDER REMANDING THE COMMISSIONER'S DECISION</u>

Plaintiff Kenneth Morris ("Plaintiff") petitions for review of an adverse decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying Plaintiff's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. This case's long procedural history is detailed below.

After carefully reviewing the record and the parties' arguments, the Commissioner's decision is REMANDED for the following purpose only: To evaluate the various vocational opinions in the record concerning whether someone with Plaintiff's RFC—as determined by the 2019 and 2022 ALJ decisions—could perform work that exists in substantial numbers in the national economy.

### Background

On November 2, 2013, Plaintiff filed his applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f, alleging a disability onset date of October 1, 2008. The Commissioner denied the applications at

the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ issued a favorable decision, but the Appeals Counsel vacated that decision and remanded to another ALJ. The new ALJ, Robert Lynch, held a hearing and on December 29, 2016, issued a decision finding Plaintiff was not disabled. In his decision, ALJ Lynch made the following finding concerning Plaintiff's residual functional capacity ("RFC"):

> . . . the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. Specifically, the claimant can lift twenty pounds occasionally and ten pounds frequently. He can stand and/or walk for a cumulative total of 4 hours during an 8-hour workday. He can sit for a cumulative total of six to eight hours during an 8-hour workday. He requires the opportunity to make a positional change every 60 minutes without leaving the workstation or being off task. Such positional change would permit him to stand briefly if performing seated work, or to sit or lean briefly if performing work standing or walking, for a period not to exceed three minutes.

ALJ Hearing Decision issued Dec. 29, 2016, R. at 810–11. The Appeals Council subsequently denied Plaintiff's request for review of this adverse decision, leaving the ALJ's decision as the final decision.

On May 16, 2017, Plaintiff filed a new application for SSI seeking benefits as of May 16, 2017. While the new application was pending, Plaintiff filed suit in this Court, case number 3:17-CV-05037-DGK, seeking remand of the Commissioner's earlier decision. On November 6, 2017, the Commissioner ruled on the new application, finding Plaintiff disabled as of May 16, 2017, meaning Plaintiff was entitled to SSI benefits (but not disability insurance benefits) from May 16, 2017, onward.

On July 25, 2018, this Court remanded Plaintiff's claim seeking benefits from October 1, 2008, to May 15, 2017. The Court ruled in relevant part as follows.

2

In February 2016, Bryce Gray, Psy.D. ("Dr. Gray") conducted a consultative examination and wrote a narrative report of that examination. Dr. Gray opined that Plaintiff would "most likely" have difficulty understanding and remembering instructions. Additionally, Dr. Gray concluded that Plaintiff would have minimal problems interacting socially and adapting to his work environment.

Then in May 2016, Dr. Gray completed a Medical Source Statement-Mental ("MSS-M") concerning Plaintiff's mental limitations. Dr. Gray concluded that Plaintiff was moderately limited working with complex instructions and making complex decisions, but only mildly limited working with simple instructions and making simple decisions. Regarding Plaintiff's social functioning, Dr. Gray concluded he was moderately limited in interacting with supervisors and co-workers, and moderately limited in responding appropriately to usual work situations and changes in routine work setting.

The ALJ gave "partial weight" to Dr. Gray's narrative opinion because the diagnoses were consistent with the medical evidence in the record but seemed to reject the narrative's opinions as to Plaintiff's social functioning. The ALJ "adopted" Dr. Gray's MSS-M opinion that Plaintiff had mild issues with simple decision-making, and moderate difficulty with social functioning, because those finding were generally consistent with the record. The ALJ noted that Dr. Grey's narrative opinion conflicted with the MSS-M in regards to Plaintiff's ability to understand simple work related decision-making and social functioning. The ALJ explained he adopted the MSS-M opinions as to these functions because he found them to be more consistent with the evidence in the record.

In formulating the RFC, the ALJ limited Plaintiff to "simple, routine, repetitive tasks, which require making only simple workplace judgments and which require no more than simple reading and math skills . . . [and] work in an environment that is isolated from the public and requires no more than occasional interaction with coworkers and supervisors." The RFC is silent as to limitations relating to responding to usual work situations and changes in a routine work setting.

3

Plaintiff argues the ALJ erred in evaluating Dr. Gray's opinions because he (1) afforded more weight to the MSS-M opinion over the narrative opinion; (2) did not resolve inconsistencies between the MSS-M and the narrative opinion; and (3) failed to include in the RFC the social limitations in the MSS-M opinion he adopted.

[The Court found Plaintiff's first two arguments were without merit.]

*    *    *

Turning to Plaintiff's third argument, the Court finds it is not clear why the ALJ rejected the portion of the MSS-M addressing responding appropriate to usual work situations and to changes in a routine work setting.

'The ALJ is not required to accept every opinion given by a consultative examiner, but must weigh all the evidence in the record.' *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). However, where an ALJ assigns significant weight to an opinion, he must give an explanation if he then disregards portions of the opinion in formulating the RFC. *Gann v. Berryhill*, 864 F.3d 947, 952-953 (8th Cir. 2017) (remanding after finding ALJ erred when he adopted a medical opinion that claimant was moderately limited in her ability to respond appropriately to changes in the work setting, but formulating an RFC that stated only 'the individual can work around coworkers throughout the day, but with only occasional interaction with coworkers.').

Here, the ALJ stated he 'adopted' the MSS-M opinion that Plaintiff had moderate difficulty with social functioning, however, the ALJ did not incorporate limitations as to responding appropriately to usual work situations and to changes in a routine work setting. Additionally, the ALJ failed to provide reasons for rejecting this portion of the MSS-M he adopted. The Court finds the ALJ erred because the social functioning limitations he adopted were not included in the RFC, nor their omission explained. *See Gann*, 864 F.3d at 952–53. Accordingly, remand is appropriate *on this issue only.*

4

> *On remand, the ALJ should reevaluate the weight assigned to the social functioning portion of Dr. Gray's MSS-M opinion. If the ALJ determines that Dr. Gray's workplace limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.*

Conclusion

For the reasons discussed above, the Commissioner's decision is remanded for further proceedings consistent with this Order.

Order Affirming in Part and Remanding in Part the Commission's Decision, No. 3:17-cv-05027-DGK, p. 3–6, (W.D. Mo. July 25, 2018), ECF No. 14 (emphasis added).

On remand, the Appeals Council vacated the 2016 ALJ decision and remanded it for proceedings consistent with the Court's order. Since the Commissioner subsequently found Plaintiff disabled as of May 16, 2017, the Appeals Council further limited the ALJ's consideration to the period before May 16, 2017 (that is, for the time period October 1, 2008, to May 15, 2017).

ALJ Lynch held another hearing on February 7, 2019. On May 1, 2019, he issued a new decision containing additional discussion of Dr. Gray's opinion with respect to Plaintiff's mental RFC but left Plaintiff's physical RFC unchanged. R. at 849–75. With respect to the ultimate issue, ALJ Lynch found Plaintiff not disabled "from October 1, 2008, *through the date of this decision*." R. at 875 (emphasis added). Finding him not disabled "through the date of this decision"—May 1, 2019—was problematic because by doing so the ALJ had called into question the Commissioner's decision awarding Plaintiff benefits as of May 16, 2017. For this reason, on September 1, 2021, the Appeals Council vacated and remanded ALJ Lynch's May 1, 2019, decision.

5

A different ALJ, Mark Clayton, then held a new hearing on March 8, 2022. On March 30, 2022, he issued his decision finding Plaintiff not disabled through May 15, 2017. R. at 885–903. As part of his decision, he found Plaintiff had the same physical RFC as ALJ Lynch found.

However, at this point, after multiple hearings, the record contained conflicting testimony from different vocational experts ("VE"). The VE at the February 7, 2019, hearing testified that, based on the ALJ's prior hypothetical, the hypothetical individual could perform work as a garment sorter and retail marker, jobs with 230,000 and 200,000 positions (430,000 total) in the national economy. But the VE at the March 8, 2022, hearing testified that the same hypothetical individual could work only as a cleaner and polisher or conveyor line bakery worker, jobs with only 750 and 3,700 positions (4,350 total) in the national economy, making it doubtful whether work existed in significant numbers for someone with Plaintiff's RFC. But ALJ Clayton did not use this testimony. For reasons he did not explain, he used the VE's testimony from the February 2019 hearing that there were 430,000 jobs in the national economy Plaintiff could perform, resulting in a finding that Plaintiff was not disabled. In October 2022, the Appeals Council remanded ALJ Clayton's decision back to him to resolve the conflict in the VEs' testimony.

On April 30, 2023, ALJ Clayton held another hearing. This time, a third VE testified. ALJ Clayton presented this VE with a hypothetical individual with the same limitations as had been assessed in the three previous decisions, including the previous decision he himself had authored. The third VE testified that such an individual could not perform any light work but could perform sedentary work. Accepting this testimony would have resulted in Morris being found disabled as of his 50th birthday on August 9, 2016, pursuant to the Medical-Vocational Guidelines. ALJ Clayton also asked another hypothetical, positing a hypothetical individual who could perform a range of light work with no limitations on standing, walking, or alternating positions. The VE

6

then identified two occupations that Plaintiff could perform and testified that there were 43,500 total such jobs in the nation.

Rather than resolving the conflicts between the various VEs' testimony, ALJ Clayton adopted the RFC finding Plaintiff could perform light work with no specific limitations in standing, walking, or alternating positions. R. at 624. He then relied upon the third VE's testimony that there were significant numbers of jobs in the national economy Plaintiff could perform and found Plaintiff was not disabled through May 15, 2017. R. at 634–35.

In short, Plaintiff was assessed with the same limitations in standing, walking, and alternating positions in three consecutive ALJ decisions in 2016, 2019, and 2022. But in the most recent ALJ's decision from 2023—one based on an identical medical record—the ALJ changed the physical RFC assessment without explanation, resulting in Plaintiff being found not disabled, whereas using the previous assessment could have resulted in a finding of disability.

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id*. The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this

7

zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

Plaintiff argues by changing the physical limitations in the RFC when there was no change in the time period under consideration, no change in the medical record, and no explanation provided as to why the ALJ had altered it, the ALJ violated the "law of the case" doctrine, so his decision is not supported by substantial evidence.

The Commissioner agrees that the "law of the case" doctrine applies to administrative agencies on remand where a district court has made a finding of fact. But the Commissioner argues this Court's 2018 decision made no findings of fact regarding Plaintiff's physical limitations, thus the ALJ was free to make a de novo assessment of Plaintiff's physical RFC.

The Court rules as follows. As a threshold matter, the applicable doctrine here is not the law of the case doctrine but a related one, the mandate rule. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997). The doctrine "applies to all matters decided by necessary implication as well as those addressed directly." *Calderon v. Astrue,* 683 F.Supp.2d 273, 276 (E.D.N.Y. 2010). If a district court makes a finding of fact and then remands the case back to an administrative agency, then that finding of fact applies to the administrative agency on remand. *Brachtel*, 132 F.3d at 419. "This [doctrine] is particularly important in Social Security appeals 'because a district court is never called upon to address issues resolved in the claimant's favor; the claimant obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him or his delegate in the first place.'" *Crum v. Colvin*, No. C14-4055-MWB 2015 WL 5084325, at *5 (N.D. Iowa Aug. 27,

8

2015) (quoting *Calderon,* 683 F.Supp.2d at 276–77). The mandate rule, on the other hand, is a specific application of the law of the case doctrine; it "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Johnson v. KeyBank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1296 (11th Cir. 2014).

This Court held in its July 25, 2018, remand Order that "the ALJ erred because the social functioning limitations he adopted were not included in the RFC, nor their omission explained. Accordingly, remand is appropriate *on this issue only*." Order Affirming in Part and Remanding in Part the Commission's Decision at 6 (emphasis added) (citation omitted). The Order remanded this case to the Commissioner for one narrow purpose only, namely, for the ALJ to "reevaluate the weight assigned to the social functioning portion of Dr. Gray's MSS-M opinion. If the ALJ determines that Dr. Gray's workplace limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision." There was no broad language in the Order directing the ALJ to reconsider all the evidence when assessing the RFC or to further develop the record, particularly with respect to Plaintiff's ability to stand, walk, or alter positions. The Order did not, for example, instruct the Commissioner to formulate a new RFC from scratch or to "create a full and proper record" related to the RFC which would have permitted the ALJ to revisit the entire RFC determination. *See, e.g.*, *Brachtel*, 132 F.3d at 420 (holding the law of the case doctrine did not prevent the ALJ on remand from finding the claimant did not need to lie down during the workday because the district court's order directed the Commissioner to "create a full and proper record"). Thus, by reformulating the physical limitations in Plaintiff's RFC without giving any explanation why, the ALJ erred. *See Parvon v. Comm'r of Soc. Sec.*, 2020 WL 1131220, at *5–6 (W.D.N.Y. Mar. 9, 2020) (holding the ALJ erred by changing the exertional level of the RFC when

9

a prior remand only addressed errors related to non-exertional limitations); *Almarez v. Astrue*, 2010 WL 3894646, at *5–6 (C.D. Cal. Sept. 30, 2010) (finding that where the district court remanded for ALJ to consider medical opinions related to specific, additional RFC limitations, the ALJ was barred from revisiting other, unrelated RFC limitations previously identified); *Allen v. Astrue*, 2010 WL 4825925, at *8 (C.D. Cal. Nov. 2, 2010) ("[T]he stipulation for remand contemplated only a reconsideration of non-exertional limitations; the door on Plaintiff's physical limitations was closed. Thus, the ALJ's decision to reexamine Plaintiff's physical RFC and later find, despite prior decisions, that Plaintiff has a greater exertional capacity is irreconcilable with the stipulation for remand and the Appeals Council's order."). And because this error is potentially outcome determinative, this case must be remanded.

Accordingly, this case is REMANDED to the Commissioner for the following purpose only: To evaluate the various vocational opinions in the record concerning whether someone with Plaintiff's RFC—as determined by the 2019 and 2022 ALJ decisions—could perform work that exists in substantial numbers in the national economy.

### Conclusion

For the reasons discussed above, the Commissioner's decision is remanded for the limited purpose identified above.

**IT IS SO ORDERED.**

Date:   July 31, 2026           /s/ Greg Kays         
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT